IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| MAURICE GOLDEN,<br><br>        Plaintiff,<br><br>vs.<br><br>U.M. PERRIN, C.O. SIBBLE,<br><br>        Defendants, | 1:21-CV-00187-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM ORDER ON PLAINTIFF'S MOTION TO COMPEL<br><br>IN RE: ECF NO. 57 |

Before the Court is a motion to compel discovery filed by Plaintiff Maurice Golden ("Golden"). *See* ECF No. 5. The Defendants have filed a Response. *See* ECF No. 64. As explained herein, the motion is **GRANTED** in part. The Defendants are directed to respond to the motion as concerns Golden's request whether the Defendants knew if the conviction success rate on prion misconduct charges. *See id.*, ¶ 4(b). In all other aspects, the motion is **DENIED**.

Golden's motion asks the Court to compel the Defendants to provide him with the following:

1. "The complete prison record of U.M. Perrin and C.O. Sibble including complaints filed against;"
2. "The complete prison analysis and record of percentages inmates charged with misconduct for the charge of using abusive, obscene, or inappropriate language to an employee, and guilty versus not guilty verdicts as an outcome;"
3. "The complete prison records, including emails and incident reports and minutes filed in the unit log, statements and identifiable reports about the incident involving Plaintiff Maurice Golden on 12-10-2020 made by prison and civilian employees or SCI Forest;"

1

    4.    "Any and all PA/DOC mental health reports in relation to Plaintiff Maurice Golden on the date of 12-10-2020;"

    5.    "Video of the transport of Plaintiff Maurice Golden from cell FA Unit 1010 throughout transport to RHU on the date of 12-10-2020;" and

    6.    Various section of the DOC policy manual.

ECF No. 57, pp. 1-2.

Golden's requests are easily dispatched. First, as to the motion to compel "the complete prison records" of the Defendants, including any complaints filed against them is not only overbroad, it also implicates institutional security concerns as well concerns for the safety of individual prison employees. *See Torres-Olan v. O'Brien*, 2022 WL 4185969, at *2 (W.D. Pa. Sept. 13, 2022). Additionally, this request is irrelevant because it is calculated to show possible bad acts of the Defendants unrelated to the conduct at issue, which would not be admissible at trial.[1] *See id.* The same is true for any grievances filed against the Defendants. *See id.* (citing *Allen v. Eckard*, 2019 WL 1099001, at *3 (M.D. Pa. Mar. 8, 2019); *Sloan v. Murray*, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (denying motion to compel grievance information that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another)).

Golden's second request for "prison analysis" of inmates charged with misconducts is likewise overbroad and irrelevant to his remaining retaliation claim. But, and as the Defendants point out, Golden may ask the Defendants "whether they knew that there was a high success rate of conviction" on such charges. *See* ECF No. 64, ¶ 4(b). Thus, Golden's motion is granted in

---

[1] Golden admits as much in his motion: "… Plaintiff intends to show or make a claim of a history of fabricated misconducts against those whom to not suffer the indignities of the aforementioned quietly." ECF No. 57, p. 1, ¶ 1.

part.  <u>The Defendants are directed to respond to the very question they propose within ten days of the date of this order.</u>

The Defendants attest that they have now provided Golden with a copy of the complete misconduct report regarding the incident in question.  *Id.*, ¶ 4(c).  Thus, Golden's motion to compel this report is denied as moot.

Golden's request for his mental health records is denied.  Request for mental health records implicate institutional security concerns and courts have founds such concerns to be justified.  *See Simmons v. Gilmore*, 2019 WL 2613427 at *3 (W.D. Pa. June 26, 2019).  Further, Defendants do not dispute the nature of Golden's visit with mental health professionals on December 10, 2020.  *See* ECF No. 64, ¶ 4(d).

Additionally, Golden's request for copies of various sections of the DOC Policy Manual is denied.  According to Golden, the requested sections are from the Facility Security Procedures Manual.[2]  This manual, however, contains confidential policies and procedures for security facility security and control.  *See Thuy Vo v. Gilmore*, 2019 WL 7049913, at *4 (W.D. Pa. Dec. 23, 2019).  *See also Mercaldo v. Wetzel*, 2016 WL 5851958 (M.D. Pa. Oct. 6, 2016) (noting that "numerous federal courts in Pennsylvania have sustained the Department of Corrections' objections to wholesale release of the procedures manual to 6.5.1 and 6.3.1").

Finally, Golden requests any video of him being transported to the "FA unit" and the RHU.  He claims that this video is "direct evidence of why [he] was escorted from housing unit." ECF No. 57, p. 2.  He argues that this video "supports [his] account of events and reasoning behind transport and request." *Id.*  The Defendants now respond that any video footage from

---

[2] Golden asks for Sections 6.3.1, 6.4.1, 6.7.1, and 13.8.1.

3

the date in question no longer exists. See ECF No. 64, ¶ 4(e); ECF No. 64-2, ¶ 5. The motion is thus denied. The Court cannot compel the "creation of evidence by parties who attest that they do not possess the materials sough by an adversary in litigation." Cooper v. Miller, 2021 WL 5792820, at *2 (M.D. Pa. Dec. 7, 2021) (citation omitted). See also Pryor v. Harper, 2021 WL 3563372, at *4 (W.D. Pa. Aug. 12, 2021) (court cannot compel that which does not exist).

So ordered this 3rd day of January, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE